[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14680
Non-Argument Calendar

_____

Agency No. A096-094-449

JUAN CARLOS DAVID-TRUJILLO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 21, 2012)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Carlos David-Trujillo, a citizen of Colombia, petitions for review of the Board of Immigration Appeals's ("BIA") denial of his fourth motion to reopen his removal proceedings based on changed country conditions, which he filed more than 90 days after the BIA's decision affirming the Immigration Judge's ("IJ") denial of David-Trujillo's application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). In his motion to reopen his removal proceedings, David-Trujillo submitted reports from his brother, sister, and a friend, each stating that a member of the Revolutionary Armed Forces of Colombia ("FARC") recently had threatened them while seeking David-Trujillo's location. On appeal, David-Trujillo argues that: (1) the reports were sufficient to establish that he would be persecuted if he returned to Colombia; (2) there were changed country conditions because the FARC is gaining strength under the current president in Colombia; and (3) the BIA erred by construing his motion to reopen and the attachments as a continuation of his initial application for asylum, instead of as a new application for asylum. After careful review, we deny the petition.

We review the BIA's denial of a motion to reopen for abuse of discretion. Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). This review is

2

limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner. Id. The moving party bears a heavy burden because motions to reopen are disfavored, especially in removal proceedings. Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009).

Under the Immigration and Nationality Act ("INA"), a party may only file one motion to reopen removal proceedings, and that motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(A), (B). A "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal," subject to certain exceptions. 8 U.S.C. § 1229a(c)(7)(C)(i). The 90-day period for filing a motion to reopen is jurisdictional and mandatory. Abdi, 430 F.3d at 1150.

An exception to the time and number limits applies if the motion to reopen is for the purpose of reapplying for relief "based on changed circumstances arising in the country of nationality or in the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding." 8 C.F.R. § 1003.23(b)(4)(i); see 8 U.S.C. § 1229a(c)(7)(C)(ii). An alien cannot meet this requirement by demonstrating only a change in his or her personal circumstances. Zhang, 572 F.3d at 1319. We have held

3

that, at a minimum, the BIA may deny a motion to reopen on the following three grounds: (1) failure to establish a prima facie case; (2) failure to introduce evidence that was material and previously unavailable; or (3) a determination that an alien is not entitled to a favorable exercise of discretion despite statutory eligibility for relief. Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001).

Here, the BIA did not abuse its discretion by denying David-Trujillo's fourth motion to reopen.[1]  For starters, David-Trujillo does not dispute that his motion to reopen was time- and number-barred, given that (1) the motion to reopen was filed nearly three years after the BIA issued its final order affirming the IJ's decision denying his application for asylum, withholding of removal, and CAT relief, and (2) he had filed at least three motions to reopen previously.  Instead, David-Trujillo only argues that he submitted sufficient evidence to establish that there was a material change in country conditions that justified the grant of his motion to reopen. However, the BIA correctly found that his motion to reopen did not contain sufficient evidence to conclude that there was a material change in country conditions.

---

[1] As an initial matter, we will not consider arguments or evidence raised or submitted for the first time on appeal, nor will we make new factual findings on appeal.  Al Najjar, 257 F.3d at 1282-83.  Thus, we do not consider David-Trujillo's arguments that country conditions have materially changed because the FARC has become stronger under a new Columbian president, nor that the motion to reopen should be considered a separate asylum application, as he did not argue these points before the BIA.

Indeed, in his fourth motion to reopen, David-Trujillo only submitted reports by two siblings and a friend, each of whom indicated that the FARC continued to look for him. But although the reports described events that took place after David-Trujillo's original removal order was entered, they are not material because they do not establish changed country conditions in Colombia, and, instead, focus on ongoing specific threats to David-Trujillo, which are the same types of threats that David-Trujillo explained in his initial application for asylum. The reports are thus insufficient to overcome the time- and number-bars. See Zhang, 572 F.3d at 1319.

Moreover, the affidavits did not establish that David-Trujillo was persecuted on account of a protected ground, and, instead, supported the agency's conclusion that he was persecuted on account of his wealth or perceived wealth. The references in the reports to David-Trujillo's supposed political activities with the Liberal Party and to the community activities were too vague and conclusory to establish that the FARC sought out David-Trujillo because of those activities, especially given David-Trujillo's own statements that the FARC sought him out in order to extort him. Further, David-Trujillo never mentioned his affiliation with the Liberal Party at any point in the administrative proceedings, and he cannot rely on that allegation now. See Al Najjar, 257 F.3d at 1282-83. Therefore, David-Trujillo submitted no evidence

5

sufficient to establish that there were changed country conditions in Colombia, and, because he was time- and number-barred, we deny the petition.

**PETITION DENIED.**